FRANCISCO CRUZ, ETC., Plaintiff and Appellant, *v.* CENTRAL PASTO VIEJO, INC., Defendant and Appellee.

No. 5599. Argued June 1, 1931.—Decided July 9, 1931.

A. *Aponte* and *F. Gallardo Díaz* for appellant. *Joaquín Vendrell* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This was a suit in damages begun by a minor, Francisco Cruz, represented by his mother. The defendant, Central Pasto Viejo, Inc., among other things, alleged that the father of said minor, Raimundo Cruz by name, in the life-time of the latter compromised his claim against the said defendant. The court, after entering into the merits, so decided, and the plaintiff appealed. The appellee maintains that the appeal is frivolous and moves to dismiss.

Section 1712 of the Civil Code provides:

"A guardian can not compromise with regard to the rights of a person who is subject to guardianship, except in the manner prescribed in number 12 of section 282 and in section 284 of Chapter VII, Title X, Book First of this Code.

"The father, and the mother in a proper case, may compromise with regard to the property and rights of the child who is under his or her authority, but if the value of the object involved in the compromise should exceed five hundred dollars, it shall have no effect without judicial approval."

The compromise was for $450 and the District Court of Humacao thought that this amount was within the provisions of the said section. It is, however, maintained by the appellant that it is a question whether the claim of the plaintiff did not exceed $500 and hence, required the approval of the district court. This approval was not obtained. In other words, the appellant insists that the value of the claim (*objeto*) for damages exceeded five hundred dollars or might readily exceed it. The claim was not clearly less than $500.

As this is a debatable proposition, we can not find the appeal frivolous.

In the course of its opinion the court in favor of the plaintiff relied on *Rivera* v. *Ribas,* 31 P.R.R. 341. We draw the attention of counsel to the fact that the judgment in the latter case was rendered by a divided court.

The motion will be denied.